## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK COPLEY,

                Petitioner,                Case Number: 2:15-CV-11210

v.                                   HONORABLE PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE

RANDY HAAS,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING, GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING CERTIFICATE OF APPEALABILITY

### I.  Introduction

Petitioner Mark Copley, a state prisoner currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his convictions for second-degree murder, Mich. Comp. Laws § 750.317 and assaulting an individual causing miscarriage, stillbirth or death of an embryo or fetus, Mich. Comp. Laws § 750.90b(a).  Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely.  For the reasons stated herein, the Court finds Petitioner is not entitled to equitable tolling of the limitations period and denies Petitioner's motion.  The Court further finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion.  The Court also declines to issue Petitioner a certificate of

2:15-cv-11210-PDB-APP   Doc # 11   Filed 03/09/16   Pg 2 of 9   Pg ID 1449

appealability.

## II.  Procedural Background

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder and assaulting an individual causing miscarriage, stillbirth, or death of an embryo or fetus.  On August 30, 2010, he was sentenced to 21 to 50 years' imprisonment for the second-degree murder conviction and 7 to 15 years' imprisonment for the assault conviction.  Petitioner did not seek review in the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed a complaint for superintending control in the Michigan Court of Appeals on May 7, 2012.  The complaint was dismissed on September 25, 2012, because Petitioner failed to correct filing deficiencies.  *See* 8/10/12 Order, *In re Copley,* No. 310155 (ECF No. 10-26, Pg. ID 1222); 9/25/12 Letter from Michigan Court of Appeals (ECF No. 10-26, Pg. ID 1223).

Petitioner filed a second complaint for superintending control in the Michigan Court of Appeals on October 1, 2012.  That complaint was dismissed on December 11, 2012, because Petitioner again failed to correct filing deficiencies.  *See* 10/26/12 Order, *Copley v. Wayne Circuit Court Judge,* No. 312711 (ECF No. 10-27, Pg. ID 1224); 12/11/12 Letter from Michigan Court of Appeals (ECF No. 10-27, Pg. ID 1225). Petitioner did not seek leave to appeal the dismissal of either complaint for superintending control in the Michigan Supreme Court.  *See* 6/10/15 Affidavit of Larry Royster (ECF No. 10-28, Pg. ID 1243).

On October 7, 2013, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 4/3/14 Order, *People v. Copley,* No. 09-11475-01 (ECF No. 10-30). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied. *People v. Copley*, No. 321292 (Mich. Ct. App. June 10, 2014). The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 30, 2014. *People v. Copley,* 497 Mich. 947 (Mich. Dec. 30, 2014).

Petitioner filed the pending habeas petition on March 24, 2015.

### III. Discussion

### A.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of

3

fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative

showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford &*

*Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary

judgment must designate specific facts in affidavits, depositions, or other factual material

showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,*

477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is

unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## B.

Respondent argues that the petition is barred by the one-year statute of limitations.

A prisoner must file a federal habeas corpus petition within one year of the "date on

which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review . . . or the date on which the factual predicate of the

claim or claims presented could have been discovered through the exercise of due

diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at

the expiration of the deadline for filing a petition for a writ of certiorari to the United

States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). In addition,

the time during which a prisoner seeks state-court collateral review of a conviction does

not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d

364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief,

while tolling the limitation period, does not reset the limitation period at zero. *Vroman v.*

4

*Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner was sentenced on August 30, 2010. Because Petitioner did not pursue a direct appeal of those convictions in the state courts, the convictions became final one year later on August 30, 2011, when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. See Mich. Ct. R. 7.205(G)(3) (amended 2011). The one-year limitations period applicable to habeas corpus petitions thus commenced on August 30, 2011 and continued to run uninterrupted until it expired on August 30, 2012. Petitioner's complaints for superintending control did not toll the limitations period because both were dismissed for failure to comply with the state court filing requirements. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that an application is "properly filed" such that it serves to toll the one-year limitations period "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). Petitioner's motion for relief from judgment in the trial court also did not toll the limitations period because it was filed October 7, 2013, over one year after the limitations period expired.

Petitioner argues that the limitations period should be equitably tolled. Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The one-year limitations period applicable to § 2254 is "subject to equitable

5

tolling in appropriate cases." *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *Robertson*, 624 F.3d at 784.

Petitioner seeks equitable tolling in this case because, he argues, the delay in filing his habeas petition was attributable to the state court's delay in appointing him appellate counsel and because he diligently pursued his rights.  Petitioner claims that he timely submitted a request for appointment of appellate counsel in the trial court, but counsel was not appointed.  Even assuming that Petitioner's request for appointment of appellate counsel was timely, the Court finds that equitable tolling is not appropriate because Petitioner failed to exercise reasonable diligence in pursuing his rights.  First, Petitioner's two complaints for superintending control, filed in 2012, both were dismissed because Petitioner failed to satisfy the state court filing requirements.  Second, after the Michigan Court of Appeals dismissed Petitioner's second complaint for superintending control, Petitioner waited until October 7, 2013, almost one year later, to file a motion for relief from judgment in the trial court.  Third, after completing collateral review in state court, Petitioner waited another three months to file this habeas corpus petition.  Petitioner has failed to show that he was prevented from either filing his post-conviction motion for relief from judgment or his habeas petition within the one-year limitations period.  *See*

6

*Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) (state trial court's failure to notify petitioner of his right to appeal, timely appoint counsel to perfect a belated appeal and timely prepare the trial transcripts were not state-created impediments that tolled the limitations period). Additionally, Petitioner's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition. *Id.* The Court finds that the petition was not timely filed and equitable tolling is not justified.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely.  Therefore, the Court denies a certificate of appealability.

## V.  Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period.  Accordingly, the Court GRANTS Respondent's Motion for Summary Judgment (ECF No. 9) and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES Petitioner's Motion for Equitable Tolling (ECF No. 3), and DENIES a certificate of appealability.  If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2016

8

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each
attorney or party of record herein by electronic means or first class U.S. mail on March 9,
2016.

s/Deborah Tofil
Case Manager